GIBBS *vs.* LINABURY

---

## GIBBS *vs.* LINABURY.

Where a person is induced through fraud, to sign an entirely different instrument from what he intended, such instrument is to be treated as a forged instrument, and as creating no liability against the signer.

Error to Oakland Circuit.

*Opinion by* GRAVES, J.—Linabury sued Gibbs before a Justice and declared upon the following note :

$120.                                        Avon, Nov. 3, 1869.

On or before the first day of August, 1870, for value received,

I promise to pay to Clark and Brooks, or bearer, one hundred and twenty dollars, with use, payable at First National Bank, at Pontiac.

GRAHAM GIBBS.

Defendant pleaded the general issue and denied the execution of the note. On the trial in the Circuit, plaintiff first called Gibbs to prove the signature, and he stated the signature resembled his handwriting, but he could not swear it was his.

Plaintiff secured the note before maturity and paid a valuable consideration for it. Defendant testified that November 3, 1869, a stranger named Brooks came to him and proposed to him to become an agent for a hay fork. Finally, defendant agreed to take the agency, and at his house he, Brooks, and an associate of the latter executed some papers. It was getting dark when Brooks presented these papers, one of which defendant examined. The third, Brooks pretended to read to him, and when defendant asked what the "$120" contained in it meant, Brooks explained that it was to show how much was going to manufacturers after a certain number of forks were sold. The defendant, whose eyesight was bad, signed the three papers, it being then so dark that he could not read their contents or even his own signature, and Brooks went away, taking two of the papers and leaving the other. Brooks left a fork, and the paper left was a commission authorizing the defendant to act as agent of the forks. The latter was ignorant of signing any note, and if the paper produced in evidence was his note, it was obtained under the circumstances mentioned.

The Court directed the jury that if Brooks obtained the signature of the defendant as claimed by the latter, the latter supposing he was signing a contract and not a note, and delivered the paper to Brooks, it made no difference whether the paper so signed was at the time a blank note or filled up as a note. If the handwriting of the signature was that of the defendant, and the plaintiff was an innocent purchaser for a valuable consideration, before maturity, the plaintiff was entitled to recover. The requests of the defendant, which were in accordance with the cases of *Foster vs. McKinnon* and *Whitney vs. Snyder*, were refused.

In this case the defendant intended to deliver a paper with his name upon it, but not a negotiable note by any means. Two cases have been decided, above referred to, in which defenses similar to

the one set up here have been sustained. The first was an English case decided in 1869, while the other was decided a few months since by the Supreme Court of New York. The doctrine of the English and the New York cases was followed, and the judgment of the Circuit Court was reversed with costs.

[See the cases of *Clay vs. Schwab*, 1 *Mich. Nisi Prius*, 168, and *Longwell vs. Day, Id.*, 286.—REP.]